## LEE v. FRATER. (No. 1590.)

(Court of Civil Appeals of Texas. Texarkana. March 9, 1916.)

1. BASTARDS ⟐102—PROPERTY—INHERITANCE FROM MOTHER—STATUTE.

Under Rev. St. 1911, art. 2473, giving an illegitimate child the right to inherit from its mother, and article 2469, providing for the descent of community property to the surviving husband or wife in the event that the deceased spouse left no descendants, an illegitimate child of a married woman, her only surviving issue, inherits his mother's share of community property; the provisions of the statute limiting the right of the husband to inherit the community property to those instances where the deceased wife leaves no child or children meaning any child capable of taking property by inheritance.

[Ed. Note.—For other cases, see Bastards, Cent. Dig. §§ 254, 255; Dec. Dig. ⟐102.]

2. VENDOR AND PURCHASER ⟐244 — BONA FIDE PURCHASER—INHERITANCE—NOTICE OF RIGHT—SUFFICIENCY OF EVIDENCE.

In suit for partition by the illegitimate son of a married woman against a purchaser from her husband, evidence that the purchaser had actual notice that plaintiff was the surviving child of the married woman and had an interest in the property in controversy *held* sufficient to support judgment for plaintiff.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 609–611; Dec. Dig. ⟐244.]

3. APPEAL AND ERROR ⟐739—ASSIGNMENT OF ERROR—MULTIFARIOUSNESS.

An assignment of error that the court erred in charging on innocent purchaser in good faith and in refusing to give three special charges presenting three different phases of the question was improper as multifarious.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3034–3036; Dec. Dig. ⟐739.]

4. APPEAL AND ERROR ⟐742(7)—ASSIGNMENT OF ERROR—PRESENTATION.

An assignment of error consisting of a copy of the motion for new trial, not being labeled "assignment of error" in the brief, and the motion being copied at length without any proposition or statement, could not be considered, not being presented in accordance with the rules for Courts of Appeals.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. ⟐742(7).]

Appeal from District Court, Henderson County; John S. Prince, Judge.

Suit by Shadrick Frater against J. R. Lee. From a judgment for plaintiff, defendant appeals. Affirmed.

W. L. Faulk, J. J. Faulk, and N. Frank Faulk, all of Athens, for appellant. Miller & Miller, of Athens, for appellee.

HODGES, J. This suit was instituted by Shadrick Frater for partition of 141.6 acres of land situated in Henderson county. The appellee claimed to be the owner of an undivided half interest. The appellant, defendant below, answered by a plea of not guilty, and specially pleaded limitation. A trial before a jury resulted in a verdict in favor of Frater for one-half of the land.

The land was originally the community property of Green Curington and his former wife, Marilda Curington, both of whom had been slaves. The following appear to be the undisputed facts: The appellee is the illegitimate son of Marilda, the deceased wife of Green Curington. He was born in 1850 while his mother was a slave. His father and mother never lived together after the war. During the infancy of the appellee his mother was brought to Texas from North Carolina, where she met Green Curington, with whom she lived as his wife until her death in 1886. The property in controversy was accumulated by them some time prior to her death. Green Curington married a second time, and he and his second wife continued to reside upon the premises until the death of the latter some years later. No children were born to Marilda and Green Curington, and the only children of Marilda in existence at the time of her death were the appellee and some illegitimate brothers and sisters. He testifies, however, that these were dead

at the time of the trial, and that no descendants were left. In 1908 Green Curington sold the land to the appellant, Lee, in consideration of a few hundred dollars paid in cash. The testimony as to whether or not Lee knew at the time of his purchase of the existence of the claim of the appellee to any portion of the land was conflicting.

[1, 2] There are two propositions urged upon this appeal. One is that the appellee, being an illegitimate child, could not inherit his mother's interest in community property left by her at her death. The right of an illegitimate child to inherit from its mother is now provided for by Rev. St. 1911, art. 2473, which was originally enacted by the Texas Congress and approved January 28, 1840 (Acts 1840, p. 132). About eight days before that statute was passed the same Congress enacted another law providing for the descent of the community property to the surviving husband or wife in the event that the deceased spouse left no descendants. See Acts 1840, p. 3. That provision, after undergoing some modification by amendments adopted at different times, is now article 2469 of our Revised Civil Statutes and a part of the general law relating to the descent and distribution of property. In the case of Berry v. Powell, 101 Tex. 55, 104 S. W. 1044, 16 Ann. Cas. 986, and the same case in 47 Tex. Civ. App. 599, 105 S. W. 345, the Supreme Court and the Court of Civil Appeals for the Fifth District had under consideration that provision of the statute which permits bastards to inherit through their mothers. In each case the court decided that this provision of law, having been enacted for the purpose of correcting a manifest injustice of the common law which deprived illegitimate children of the right of inheritance of any sort, should be liberally construed. If the purpose of that law was to remedy an admitted wrong, then to so construe it as to hold that bastards may now inherit from their mother only her separate property is to furnish them only partial relief. It would be placing upon their right of inheritance a limitation without any satisfactory reason. Our attention has not been called to any case where the courts of this state have made such a distinction, although the law has been in existence for three-quarters of a century. That provision of the statute which limits the right of the husband to inherit community property to those instances where the deceased wife leaves no child or children evidently means any child capable of taking property by inheritance. The proposition urged by the appellant, we think, is unsound, and the assignment based upon it is overruled. It is also contended that the court erred in charging the jury that the burden of proof was on the defendant to show that he was an innocent purchaser for value. It is conceded by the appellee, and

by the court in his qualification of a bill of exception, that such a charge was abstractly incorrect. We have taken occasion to examine carefully the testimony relative to notice. Three witnesses testified, some of whom appear to have been disinterested, that the appellant did have actual notice that the appellee was the surviving child of Marilda Curington and had an interest in the property in controversy. This testimony is contradicted by that of the appellant alone. He admits that he was personally acquainted with the appellee, and had been for a number of years, but denies that he knew that he was the son of Marilda Curington. We have concluded from our investigation that the judgment rendered is supported by the over-whelming weight of the evidence.

[3, 4] The assignment in the appellant's brief questioning the action of the court in giving the offensive charge is not presented in accordance with the rules prescribed by our Supreme Court for briefing cases. His assignments consist merely of a copy of the motion for a new trial. None of them is labeled "assignment of error" in the brief, and the motion is copied at length apparently just as it appeared in its original presentation. The first paragraph of that motion is as follows:

"The court erred in charging the jury that the burden of proof was on the defendant to show that he was an innocent purchaser in good faith, and in refusing to give the special charges numbers 2, 3 and 5, to the effect as follows."

Then follow three separate special charges, presenting as many different phases of the question raised, all of which appear to have been refused by the trial judge. This assignment, if it be treated as such, is not only multifarious in presenting more than one ruling of the court as a ground of error, but also is without any proposition or any statement which entitled it to consideration. This court has never been disposed to require a rigid adherence to the rules in briefing cases as a condition upon which assignments will be considered; but in a case like the present, where we think the proper judgment has been rendered, we are not inclined to ignore the rules in order to sustain an objection which we think is wholly without any real merit.

The judgment of the trial court is therefore affirmed.